UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SELAKOWSKI and
JOAN SELAKOWSKI,

    Plaintiffs,                                            Case No. 13-12335

v.                                                           Hon. Gerald E. Rosen

FEDERAL HOME LOAN MORTGAGE
CORPORATION and WELLS FARGO
& COMPANY, N.A.,

    Defendants.
_____/

**ORDER DENYING
PLAINTIFFS' MOTION FOR REMAND**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       October 24, 2013    

PRESENT:   Honorable Gerald E. Rosen
                       Chief Judge, United States District Court

      Plaintiffs Robert and Joan Selakowski commenced this suit in Wayne County Circuit Court on or around May 3, 2013, challenging on various federal and state law grounds the actions allegedly taken by Defendants Federal Home Loan Mortgage Corporation ("Freddie Mac") and Wells Fargo & Company, N.A. ("Wells Fargo") in connection with the foreclosure sale of Plaintiffs' home in December of 2011. Defendant Freddie Mac removed the case to this Court on May 28, 2013, citing its statutory authority to remove to federal district court any action "to which [it] is a party." 12

U.S.C. § 1452(f). Through the present motion filed on June 18, 2013, Plaintiffs seek the remand of this case to state court, arguing that Defendant Freddie Mac has waived its right of removal by filing a related suit in a Michigan district court seeking possession of the property that is the subject of both the present action and Freddie Mac's state district court suit. For the reasons discussed briefly below, Plaintiffs' motion must be denied as wholly without merit.

Plaintiffs' motion rests on the premise that because this suit and the state district court action brought by Freddie Mac are related and arise out of the same underlying transaction or occurrence — namely, the foreclosure sale of Plaintiffs' property — the claims asserted by Freddie Mac in the state district court eviction action and by Plaintiffs here should be viewed as part of a single "case," with Plaintiffs' claims treated as "counterclaims" to the claim for possession pursued by Freddie Mac in state court. Yet, as Freddie Mac points out in its opposition to Plaintiffs' motion, this premise is simply incorrect. Regardless of whether Plaintiffs could have asserted their claims in the present suit as counterclaims in the eviction action brought by Freddie Mac in the state district court, the brute fact is that they did not do so. (*See* Plaintiffs' Reply Br. at 2 (acknowledging that "there was no technical 'counter-claim' filed in" Freddie Mac's state district court suit).) Instead, Plaintiffs elected to commence a new suit against Freddie Mac in a different state court, the Wayne County Circuit Court, and it is this separate and

distinct case that Freddie Mac has removed to this Court.[1]

Plaintiffs have failed to cite any authority for the proposition that the Court may disregard their filing of a separate suit and effectively order the consolidation of two state court actions brought in two different courts. Rather, Freddie Mac is expressly authorized by a federal statute, 12 U.S.C. § 1452(f), to remove to federal court any case to which it is a party, and the present suit readily qualifies for removal under this statute, without regard for any state court action to which it might be related in some way. Because Freddie Mac has properly exercised this statutory power of removal, Plaintiffs' request for remand must be denied.[2]

---

[1] Plaintiffs take issue with Freddie Mac's assertion in its response to Plaintiffs' motion that the state district court suit "was closed by entry of a default judgment." (Defendant's Response Br. at 2.) In Plaintiffs' view, the state court eviction action remains open and pending, as evidenced by a May 29, 2013 stipulated order issued by the state district court staying the case before that court so long as the present suit remains pending and Plaintiffs remain current on monthly escrow payments ordered by the court. (*See* Plaintiffs' Reply, Ex. B, 5/29/2013 Stipulated Order for Escrow and Stay.) The Court need not resolve this dispute, because the disposition of Plaintiffs' motion for remand does not turn upon whether Freddie Mac's state district court suit remains pending or is closed.

[2] In light of this conclusion, the Court need not address Freddie Mac's argument that even if Plaintiffs had asserted counterclaims in the state district court suit, rather than commencing a separate action in state circuit court, its removal of this case to federal district court would still be proper. Because the general removal statute limits the right of removal to "the defendant or the defendants," 28 U.S.C. § 1441(a), the courts have reasoned that a plaintiff named by a defendant in a counterclaim remains a "plaintiff" rather than a "defendant," and therefore cannot invoke § 1441(a) to remove a case to federal court following the assertion of a counterclaim. *See, e.g., First Bank v. DJL Properties, LLC,* 598 F.3d 915, 916 (7th Cir. 2010). As Freddie Mac observes, however, its removal of the present suit does not rest upon § 1441(a), but instead is based on a statute that expressly permits removal so long as Freddie Mac is a "party" of any sort, 12 U.S.C. § 1452(f), whether a plaintiff or a defendant. Again, it is unnecessary for the Court to weigh in on this question, since Plaintiffs did not use the vehicle of a counterclaim to assert their claims against Freddie Mac.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' June 18, 2013 motion for remand (docket #6) is DENIED.

                                              s/Gerald E. Rosen
                                              Chief Judge, United States District Court

Dated: October 24, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 24, 2013, by electronic and/or ordinary mail.

                                              s/Julie Owens
                                              Case Manager, (313) 234-5135